No. 15-3540

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
_____

Elizabeth McLeod, et al.,

Plaintiffs-Appellees,

v.

General Mills, Inc.,

Defendant-Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Civ. No. 15-cv-494 (JRT/HB)
Chief Judge John R. Tunheim

_____

**DECLARATION OF STEPHEN J. SNYDER IN OPPOSITION TO APPELLANT'S EMERGENCY MOTION FOR A STAY PENDING APPEAL AND A TEMPORARY ADMINISTRATIVE STAY PENDING DECISION ON THIS MOTION**
_____

Under 28 U.S.C. § 1746, I, Stephen J. Snyder, declare as follows:

1. I am an attorney licensed to practice in the State of Minnesota and am admitted to practice before this Court. I am a shareholder with the law firm Snyder & Brandt, P.A., which is counsel for Plaintiffs-Appellees. I submit this declaration

1

in opposition to Appellant's Emergency Motion for a Stay Pending Appeal and a Temporary Administrative Stay Pending Decision this Motion, which we received at 2:10 p.m. local time today.

2. At 3:58 p.m. today, we received the attached "Memorandum Opinion and Order Denying Defendant's Motion to Stay All District Court Proceedings Pending Appeal" (Doc. No. 80), which was issued by Chief Judge John R. Tunheim of the United States District Court for the District of Minnesota.

3. Appellant states in its motion filed today that it now "moves in this Court for a stay pending appeal under Federal Rule of Appellate Procedure 8." (Emergency Motion at 1.) The relief sought by its motion is a stay of "litigation ... in the district court while" Appellant's "appeal is pending." (*Id.*) I submit that Federal Rule of Appellate Procedure 8 does not support the relief that Appellant seeks by the motion it filed today.

4. Rule 8(a)(2) permits a motion directly to the Court of Appeals for these listed areas of relief:

> "(A) a stay of the judgment or order of a district court pending appeal;
>
> (B) approval of a supersedeas bond; or
>
> (C) an order suspending, modifying, restoring or granting an injunction while an appeal is pending."

Appellant's motion does not seek a stay of a judgment or order of a district court pending appeal, nor does it involve a supersedeas bond or an injunction.

2

5. If the Court nevertheless is inclined to consider Appellant's motion for a stay, Appellees respectfully request an opportunity to submit a memorandum in response.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 20, 2015

<u>*s/ Stephen J. Snyder*</u><br>
Stephen J. Snyder

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system, and I will serve a copy of the foregoing on all participants in the case who are not registered CM/ECF users by mailing a copy of the same, first-class, postage paid, to the address listed on the Court's CM/ECF System.

*s/ Stephen J. Snyder*
Counsel for Appellees

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ELIZABETH MCLEOD, HEIDI O'SULLIVAN, SHERRI SLOCUM, IVETTE HARPER, ROBERT WEST, KEVIN STEMWELL, STEPHEN MILLER, PEGGY MAXE, KARALYN LITTLEFIELD, COLLEEN FRIEDRICHS, ARLENE HORNILLA, MARILYN EPP, DWIGHT SEVALDSON, ANN CARLSON, MICHAEL BAEHR, GABRIELE BAUER, MARK DAVIS, SUSANNE DEHNKE, FRANK DELANEY, PAULA FREEMAN-BROWN, BARBARA FUGLIE, RICHARD FUGLIE, CHRISTOPHER GUNN, MICHELLE LAURENCE, ROBERT MORRIS, VICKI NELLEN-JUNGERS, HEIDI NEUMANN, GREG NORMAN, MICHELLE RACE, SUSAN RYAN, TIMOTHY SCHROEDER, DIANE SUNDQUIST, and GREG ZIMPRICH, *for and in behalf of themselves and other persons similarly situated*, Plaintiffs, v. GENERAL MILLS, INC, Defendant. | Civil No. 15-494 (JRT/HB) **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS PENDING APPEAL** |

Stephen J. Snyder, Craig A. Brandt, and Brent C. Snyder, **SNYDER & BRANDT, P.A.**, 120 South Sixth Street, Suite 2550, Minneapolis, MN 55402, for plaintiffs.

Aaron D. Van Oort and Jeffrey P. Justman, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Minneapolis, MN 55402; Marko J. Mrkonich and Kathryn Mrkonich Wilson, **LITTLER MENDELSON, P.C.**, 1300 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; and Keith C. Hult, **LITTLER MENDELSON, P.C.**, 321 North Clark Street, Suite 1000, Chicago, IL 60654, for defendant.

Before the Court is the motion of Defendant General Mills, Inc. ("General Mills") to stay all district court proceedings while General Mills' interlocutory appeal of the Court's October 23, 2015 order in this case is on review at the Eighth Circuit. (General Mills' Expedited Mot., Nov. 4, 2015, Docket No. 60.) The Court will deny the motion because a stay is neither mandatory nor in the interests of justice and judicial economy.

## BACKGROUND

As brief background, plaintiffs are all over 40 years of age and are former-General Mills employees. Plaintiffs allege that General Mills terminated their employment and conditioned their receipt of a severance package on the signing a release agreement that contained an arbitration clause. Plaintiffs signed the agreement.[1] Subsequently, plaintiffs filed this action alleging that General Mills violated the Age Discrimination in Employment Act of 1967 ("ADEA") when it terminated their employment. General Mills moved that the Court compel arbitration pursuant to a much older federal statute, the Federal Arbitration Act of 1925 ("FAA"). The Court, however, held that the FAA did not require arbitration because on these facts the Older Workers' Benefit Protection Act of 1990 mandates that this type of dispute be heard in a "court of competent jurisdiction." *McLeod v. General Mills, Inc.*, --- F. Supp. ---, No. 15-494, 2015 WL 6445672, at *5-9 (D. Minn. Oct. 23, 2015) (quoting 29 U.S.C. § 626(f)(3)). General Mills appealed the interlocutory order – as the FAA grants it the right to do – and asked that the Eighth

---

[1] After the filing of the most recent amended complaint, plaintiffs filed a consent form for a would-be plaintiff who did not sign the relevant release agreement. This fact is however not significant to the Court's ruling today.

Circuit review this Court's decision regarding arbitrability. General Mills then filed the motion at issue now, requesting that the Court stay further proceedings pending the Eighth Circuit's decision.

## ANALYSIS

First, General Mills argues that its appeal of the arbitrability issue automatically deprived this Court of jurisdiction over the entire case. General Mills does not explain whether it believes this jurisdictional limit to originate from Article III, some statute, or prudence. Instead, General Mills relies on a short statement by the Supreme Court in *Griggs v. Provident Consumer Discount Co.*:

> [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

459 U.S. 56, 58 (1982). But *Griggs* was a very different case than this one. The issue in *Griggs* was whether the Third Circuit had jurisdiction to hear an appeal when the appellant filed its notice of appeal too early, before litigation had ended in the district court. *Id.* at 61 (reversing the Third Circuit for exercising jurisdiction). Thus, the "event of jurisdictional significance" mentioned in the above-quoted passage has more to do with when a court of appeals gains jurisdiction than when the district court loses it. The *Griggs* Court did not discuss a district court's jurisdiction over a case pending interlocutory review.

General Mills nonetheless states that its appeal automatically deprived the Court of jurisdiction over the remaining questions in this case – like whether General Mills violated ADEA – because forcing General Mills to litigate those questions "would defeat the point of the [arbitrability] appeal." (General Mills' Reply at 4, Nov. 16, 2015, Docket No. 78.)  But whether a successful interlocutory appeal would defeat the purpose of further litigation is not the question.  The successful appeal of an interlocutory order will often render further district court litigation pointless – for example, if a court of appeals reverses a district court's denial of a motion to dismiss – and yet the interlocutory appeals statute explicitly states that those appeals "shall **not** stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof so order." 28 U.S.C. § 1292(b) (emphasis added).  Accordingly, it is not infrequent that a court will deny a stay request after certifying the appeal of an interlocutory order, even when that order involves a dispositive question of law.  *See Somers v. Dig. Realty Tr., Inc.*, No. C-14-5180, 2015 WL 4481987, at *1-3 (N.D. Cal. July 22, 2015) (declining to stay district court proceedings pending the appeal of an interlocutory order denying a motion to dismiss); *see also Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221, 233 (5th Cir. 2009) (upholding a district court's jurisdiction to issue summary judgment while an interlocutory appeal of a denial of class certification was pending).

General Mills notes that there is a circuit split on whether denials of motions to compel arbitration are *sui generis*.  Five circuits have ruled in favor of General Mills' contention that a stay in the arbitration context is mandatory, while three circuits have

held the opposite.[2]  The Eighth Circuit, however, has yet to weigh in.  The Court does not doubt that it is prohibited from relitigating the literal question on appeal, nor does it doubt that the appeal of certain constitutional first-order jurisdictional questions automatically halts further district court litigation – questions of double jeopardy and sovereign immunity, for example.  *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907-910 (5th Cir. 2011).  But there is no reason to suggest that arbitration clauses – matters of private contract – are of the same significance as the Constitution's limitations involving double jeopardy and sovereign immunity.  Therefore, the Court finds that General Mills' appeal of the Court's October Order did not deprive the Court of jurisdiction over the remainder of the case.

Second, General Mills argues that even if the Court is not required to issue a stay, it should nonetheless issue one as a discretionary measure because the interests of justice and judicial economy require it.  Both parties agree that the Court balances four factors when determining whether to exercise its inherent power to issue a stay pending an appeal:  (1) the likelihood that the stay applicant will succeed on the merits of its appeal; (2) whether the denial of a stay will irreparably harm the moving party; (3) whether issuance of a stay will substantially injure the non-moving party; and (4) the public interest.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  The most important factor in

---

[2] *Compare Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 264-66 (4th Cir. 2011) (applying mandatory stay in context of denial of motion to compel arbitration); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 n.6 (3d Cir. 2007) (same); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160-62 (10th Cir. 2005) (same); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251-52 (11th Cir. 2004) (same), *with Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 907-10 (holding that such a stay is not mandatory); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004) (same); *Britton v. Co-op Banking Grp.*, 916 F.2d 1405, 1411-12 (9th Cir. 1990) (same).

Appellate Case: 15-3540   Page: 9   Date Filed: 11/20/2015 Entry ID: 4338906

the stay analysis "is the appellant's likelihood of success on the merits." *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).

Here, the Court believes it unlikely that General Mills will succeed on the merits of its appeal.  As the Court stated in its October Order, 28 U.S.C. § 626(f)(3) "makes clear that, in the narrow circumstances of cases like this one," federal law does not require the Court to compel arbitration, and the contract's "arbitration provision is precluded."  *McLeod*, 2015 WL 6445672, at *9.  Neither will General Mills suffer irreparable harm if the Court does not issue a stay.  The only harm that General Mills suggests it will face is further litigation, but further litigation always results from an adverse ruling and a resulting reliance on an appeal for vindication.  To the contrary, the larger harm at issue is the delay that a stay would cause plaintiffs:  Plaintiffs filed their complaint over nine months ago, and defendants have yet to file an answer.

For these reasons, the Court will deny General Mills' request for a stay.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that General Mills' Expedited Motion to Stay All District Court Proceedings Pending Appeal [Docket No. 60] is **DENIED**.

DATED:  November 20, 2015  
at Minneapolis, Minnesota.

       s/ John R. Tunheim  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court